FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>   v.<br><br>MARCEL ROY BENDSHADLER,<br><br>          Defendant - Appellant. | No. 10-30270<br><br>D.C. No. 3:07-cr-00535-BR-3<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 6, 2011[**]
Portland, Oregon

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Marcel Roy Bendshadler appeals the judgment of the district court, challenging his conviction and sentence for obstructing the Internal Revenue Service in violation of 18 U.S.C. § 371. He argues that (1) he was denied his right to testify, (2) he was denied his right to effective assistance of counsel, (3) the

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

indictment was insufficient, and (4) the district court misinterpreted the United States Sentencing Guidelines.  We affirm.

1. Bendshadler was not denied the right to testify, because the right is limited to *relevant* testimony and he did not indicate a desire to offer proper, relevant testimony.  *See United States v. Moreno*, 102 F.3d 994, 998 (9th Cir. 1996).  Thus, when Bendshadler remained silent as the defense rested without calling him to testify, he waived his right.  *See United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993).  A defendant who wants to take the stand "may do so 'by insisting on testifying, speaking to the court, or discharging his lawyer.'"  *United States v. Pino-Noriega*, 189 F.3d 1089, 1095 (9th Cir. 1999) (quoting *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993)).

2. We decline to rule on Bendshadler's ineffective assistance of counsel claim because the record is undeveloped.  *See United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004).  We express no view on the merits of the claim, which Bendshadler can raise in a motion under 28 U.S.C. § 2255.

3. Bendshadler does not contest that his indictment was sufficient under *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993), but rather argues that *Caldwell* is no longer good law after *Skilling v. United States*, 130 S. Ct. 2896 (2010).  *Skilling*, however, dealt with the mail fraud statute, 18 U.S.C. § 1346,

which is fundamentally different from § 371.  *See McNally v. United States*, 483 U.S. 350, 358 n.8 (1987) (interpreting § 1346 in part by distinguishing the Court's interpretation of § 371 in *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)).  *Skilling* repeatedly relied on *McNally* without ever referring to § 371.  Nothing in *Skilling*'s specific, historical interpretation of § 1346 undermined *Caldwell*'s interpretation of § 371, which was rooted in the very precedent approved by *McNally*.  *See Caldwell*, 989 F.2d at 1059 (citing *Hammerschmidt*, 265 U.S. at 188).

4.    Section 2T1.9 of the Guidelines sets the offense level for Bendshadler's conviction, a *Klein* conspiracy under 18 U.S.C. § 371.  *See* § 2T1.9 cmt. n.1 (2010) (citing *United States v. Klein*, 247 F.2d 908 (2d Cir. 1957)).  The guideline assumes there will be an imported offense level, and that the imported offense level will then be adopted unless it falls below the minimum offense level set for *Klein* conspiracies.  *See* § 2T1.9(a) & cmt. n.2 (2010) (importing "whichever guideline *most closely* addresses" the conspiracy (emphasis added)).  Pursuant to § 2T1.9(a)(1), the district court correctly imported Bendshadler's offense level from § 2T1.4 because that section "most closely addresse[d] the harm that would have resulted had the conspirators succeeded in impeding, impairing, obstructing, or defeating the Internal Revenue Service."  § 2T1.9 cmt. n.2 (2010).  Section

3

2T1.4 was most appropriate because it applies to aiding tax fraud, and Bendshadler's conviction established that he effectively aided tax fraud. His argument that he only aided the filing of tax returns claiming false deductions, as opposed to materially false tax returns, is insufficient to escape his responsibility for aiding tax fraud. *Cf. Alexander Shokai, Inc. v. Comm'r*, 34 F.3d 1480, 1486 (9th Cir. 1994) ("Fraud means actual, intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing.") (quoting *Zell v. Comm'r*, 763 F.2d 1139, 1142 (10th Cir. 1985) (emphasis omitted)).

**AFFIRMED.**